Lora WOOLUM, Appellant,

v.

MINERS MEMORIAL HOSPITAL ASSOCIATION et al., Appellees.

Court of Appeals of Kentucky.

June 30, 1967.

William Murphy Howard, Harlan, for appellant.

Robert Matthews, Atty. Gen., Frankfort, Grant F. Knuckles, James S. Wilson, Pineville, J. Keller Whitaker, Workmen's Compensation Board, Frankfort, for appellee.

WADDILL, Commissioner.

Contending that she is totally, permanently disabled, Lora Woolum appeals from a judgment confirming an award of the Workmen's Compensation Board which allowed her ten per cent partial, permanent disability.

Mrs. Woolum, fifty-nine years of age, was employed as a kitchen helper by the appellee, Miners Memorial Hospital Association. On September 8, 1962, she was attempting to place a tray of bottles on an elevator which would carry them to a lower floor. The tray allegedly struck the edge of the elevator causing her to jerk away from it and sustain injuries in the area of her neck. Mrs. Woolum was examined and treated by several physicians who found stiffness and pain in her neck, left arm and shoulder.

At the hearing of her claim before the board a general medical practitioner testified that, although she had sustained a traumatic injury, she had developed a severe psychogenic overlay, a term used to indicate complaints that are more exaggerated than warranted by the physical findings. He further testified she is unable to perform her duties as a kitchen helper. The two physicians testifying on behalf of the employer stated, in effect, that her ailments had developed over a period of years and were due to a combination of cerebral arteriosclerosis and an emotional disorder described as agitated depression. They were of the opinion that her condition was not related to an accident but that she was unable to perform her previous employment duties.

Pursuant to Mrs. Woolum's motion under KRS 342.315 the board appointed a neuro surgeon to examine her. This physician testified that he found some minor objective disorders and opined that "much of what she demonstrates is hysterical." He further found that she has a five to ten per cent partial, permanent disability but that she is able to return to work.

Notwithstanding the testimony of the board-appointed physician that she is only partially disabled, Mrs. Woolum contends the board erred in failing to find that she is totally, permanently disabled. In support of this contention she argues that in view of the fact that her employer's medical evidence tends to establish she is totally disabled the only issue before the board was whether her disability was caused by a work-connected injury. Since the board found she sustained such an injury, she argues that it was compelled to further find that she is totally, permanently disabled.

While the board is not bound by the findings of a physician appointed under KRS 342.315, such evidence has as much weight as other medical evidence introduced in the case. Lewis v. United States Steel Corporation, Ky., 398 S.W.2d 490. Under the testimony of the board-appointed physician the board was authorized to find that Mrs. Woolum has sustained only ten per cent partial, permanent disability. Apparently she failed to convince the board that her disability was any greater than that found.

The judgment is affirmed.

All concur.